# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>*Plaintiff*,<br><br>v.<br><br>MALIKA GROUP, LLC d/b/a PARK SLOPE AESTHETIC & LASER CENTER; BRIKS NY LLC d/b/a PARK SLOPE LASER AESTHETIC CENTER; BARS NY INC. d/b/a PARK SLOPE LASER; and DOES 1-10, inclusive,<br><br>*Defendants*. | Case No. 25-cv-647<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TAMARA WAREKA p/k/a TAMARA WILLIAMS, by and through her undersigned counsel, brings this Complaint against Defendants, MALIKA GROUP, LLC d/b/a PARK SLOPE AESTHETIC & LASER CENTER; BRIKS NY LLC d/b/a PARK SLOPE LASER AESTHETIC CENTER; BARS NY INC. d/b/a PARK SLOPE LASER; and DOES 1 through 10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

## PARTIES

2. Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer.

3. Upon information and belief, Defendant Malika Group, LLC d/b/a Park Slope Aesthetic & Laser Center ("Malika Group") is a limited liability company organized and existing under the laws of the State of New York.

1
COMPLAINT

4.  Upon information and belief, Defendant Briks NY LLC d/b/a Park Slope Laser Aesthetic Center ("Briks NY") is a limited liability company organized and existing under the laws of the State of New York.

5.  Upon information and belief, Defendant Bars NY Inc. d/b/a Park Slope Laser ("Bars NY") is a corporation organized and existing under the laws of the State of New York.

6.  The true names and capacities of Defendants Does 1 through 10, inclusive are presently unknown to Plaintiff, and for that reason, Plaintiff sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this Complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

7.  For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## JURISDICTION AND VENUE

8.  This Court has original subject matter jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

9.  This court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of New York and/or Defendants transact business in the State of New York.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of

the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside in or can be found in this judicial district.

# FACTUAL ALLEGATIONS

### *Plaintiff Tamara Williams*

11. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram Page @tamarawilliams, which has amassed over 610,000 followers.

12. Williams licenses her work for a fee.

13. Williams' portfolio includes international clients, and her work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

14. Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Williams's work is intended to deter would-be infringers from copying and profiting from her work without permission.

15. Williams is the sole author and exclusive rights-holder to a facial portraiture photograph of model Moya Palk who is facing the camera with wisps of hair draping down the sides of her face ("Palk Photograph").

16. Attached as Exhibit A is true and correct copies of the Palk Photograph.

17. Williams registered the Palk Photograph with the United States Copyright Office under Registration Number VA 2-178-320 with file name AU11424066 and an Effective Date of Registration of November 5, 2019.

18. Attached hereto as Exhibit B is a true and correct copy of Registration No. VA 2-178-320.

### *Defendants Malika Group, Briks NY, and Bars NY*

19. Upon information and belief, Defendant Malika Group, Defendant Briks NY, and Defendant Bars NY were at all relevant times doing business as Park Slope Laser Aesthetic Center ("Park Slope Laser") with a business location at 499 5th Avenue, Brooklyn, New York 11215.

20. According to the "About" page on Park Slope Laser's website found at https://www.parkslopelaser.com/about, Park Slope Laser offers cosmetic services including body contouring treatments, laser hair removal, laser skin rejuvenation, scar removal, and injectables services.

21. Upon information and belief, Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY control and manage the website https://www.parkslopelaser.com/ ("Park Slope Laser Website")").

22. Park Slope Laser maintains an Instagram page under the handle @parkslope_lasercenter at https://www.instagram.com/parkslope_lasercenter/ ("Park Slope Laser Instagram Page").

23. The Park Slope Laser Instagram Page contains an active hyperlink ("Instagram Hyperlink") which will take the user to the Park Slope Laser Website which provides information about Park Slope Laser's services and links to request an appointment for services from Park Slope Laser.

24. Attached as Exhibit C is a true and correct screenshot of the Park Slope Laser Instagram Page including the access location of the Instagram Hyperlink.

25. Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY generate content on the Park Slope Laser Website and Park Slope Laser Instagram Page for commercial purposes to attract user traffic to Park Slope Laser,

to market and promote Park Slope Laser's services, and to increase the customer base and revenue for Park Slope Laser.

26. At all relevant times, the Park Slope Laser Website and Park Slope Laser Instagram Page were readily accessible to the general public throughout New York, the United States, and the world.

27. At all relevant times, Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY had the ability to supervise and control all content on the Park Slope Laser Website and Park Slope Laser Instagram Page.

28. At all relevant times, Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY had a direct financial interest in the content and activities of the Park Slope Laser Website and Park Slope Laser Instagram Page (including the activities alleged in this Complaint).

### *Defendants Willful, Unauthorized Use of the Palk Photograph*

29. On or about February 2, 2024, Williams discovered her Palk Photograph being used on the Park Slope Laser Instagram Page in a video post, dated January 9, 2024, showcasing the Moya Palk's lips, with the text "Gorgeous lips using RHA Fillers" ("Palk Instagram Post").

30. Attached hereto as Exhibit D is a true and correct screenshot of the Palk Photograph as used on the Park Slope Laser Instagram Page.

31. Williams did not grant Defendant Malika Group, Defendant Briks NY, or Defendant Bars NY a license, permission, or authorization to use, make a copy of, or publicly display the Palk Photograph on the Park Slope Laser Instagram Page.

32. Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Palk Photograph and caused the Palk Photograph to be uploaded to and displayed on the Park Slope Laser Instagram Page.

33. Williams is informed and believes that the purpose of the use of the Palk Photograph on the Park Slope Laser Instagram Page was to couple high-quality visual content, via a professionally produced photograph, with textual content to create an aesthetic, visually inviting presentation of the content and support Defendants' marketing goals to entice users to browse through the Park Slope Laser Instagram Page and ultimately navigate to the Park Slope Laser Website and purchase services from Park Slope Laser which would generate revenue for Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY.

34. Williams is informed and believes that the purpose of the use of the Palk Photograph in the Palk Instagram Post was to couple a high-quality, professionally-produced photograph with the textual content to assist the Park Slope Laser Instagram user in visualizing the beauty look that could be achieved with Park Slope Laser's Lip Filler services which bolsters and lends credibility and integrity to Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY's reputation as cosmetic services providers.

35. Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY (including their employees, agents, contractors or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Williams's original and unique Palk Photograph for commercial purposes and to acquire a direct financial benefit from use of the Palk Photograph. Specifically, intended the Palk Photograph was intended to act as a draw to the Park Slope Laser Instagram Page where the user would ultimately navigate to and purchase services from the Park Slope Laser Website and generate revenue for Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY.

36. Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY willfully infringed upon Williams' rights in her copyrighted Palk Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendant Malika Group,

Defendant Briks NY, and/or Defendant Bars NY knew, or should have known, they did not have a legitimate license, permission, or authorization to use the Palk Photograph on the Park Slope Laser Instagram Page.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Williams owns a valid copyright in the Palk Photograph.

39. Williams registered the Palk Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

40. Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of and displayed William's unique and original Palk Photograph without her consent or authorization in violation of 17 U.S.C. § 501.

41. Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY willfully infringed upon Plaintiff's rights in her copyrighted Palk Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY knew, or should have known, they did not have a legitimate license or authorization from Williams to use the Palk Photograph.

42. As a result of Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY violations of Title 17 of the U.S. Code, Williams has sustained significant injury and irreparable harm.

43. As a result of Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY violations of Title 17 of the U.S. Code, Williams is entitled to

any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Williams' election, statutory damages, pursuant to 17 U.S.C. § 504(c).

44. As a result of the Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

45. Williams is also entitled to injunctive relief to prevent or restrain infringement of her copyrights pursuant to 17 U.S.C. § 502.

## DEMAND FOR JURY TRIAL

46. Plaintiff, Tamara Wareka p/k/a Tamara Williams, hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY, as follows:

- For a finding that Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY infringed Plaintiff's copyright interest in the Palk Photograph by copying and displaying it without a license or consent;
- For a finding that Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY's conduct was willful;
- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);
- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant Malika Group, Defendant Briks NY, and/or Defendant Bars NY from further infringement of all of Williams' copyrighted works pursuant to 17 U.S.C. § 502;
- For pre-judgment and post-judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: February 5, 2025                             Respectfully submitted,

**/s/ Taryn Rose Murray**
Taryn Murray, Esq.
EDNY#5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*